BETHEL, Judge,
concurring specially
I concur in Presiding Judge McFadden’s opinion because it provides the required deference to the trial court. I am, however, concerned that the opinion could be used to support the proposition that a defendant’s age may provide the exclusive basis for a motion to suppress based on a finding of a lack of voluntariness with regards to a consent to a blood draw in future cases. Because I do not believe the age of the defendant can or should provide the sole basis for such a finding or motion, I concur specially.
The Presiding Judge correctly notes that the trial court did not rule that C. W, based on age, could not consent to a blood test as a *156 matter of law. Nevertheless, a review of the circumstances and findings recounted in the trial court’s order and in the Presiding Judge’s opinion make it difficult, to see what else might have supported the suppression. In fact, other than the use of a “stern voice” (hardly a rarity among the law enforcement community), it is difficult, to discern anything in the order’s findings that depart from a normal and typical DUI stop and arrest. Thus, the factors identified by the trial court include:
Decided June 28, 2017.
Meg E. Heap, District Attorney, Kimberly Rowden, Assistant District Attorney, for appellant.
Scheer, Montgomery & Call, Donald L. Montgomery, Jr., Craig A. Call, for appellee.
(1) C. W. was 16 years old at the time;
(2) the officer spoke sternly to C. W.;
(3) the stop lasted long enough for the trooper to conduct three field sobriety tests;
(4) upon a finding of probable cause, C. W. was arrested and handcuffed;
(5) the trooper advised C. W. of the statutorily-required advised consent standard applicable to drivers under the age of 21; and
(6) the trooper transported C. W. to the precinct for the blood draw.
Factors (3)-(6) are normal, expected, and functionally essential elements of a lawful DUI stop and arrest. Thus, it seems difficult, to imagine a lawful stop that would not include these factors (or something nearly identical). I struggle to see how these factors could be the basis of fear, intimidation, threat of physical punishment, or lengthy detention that would call into question an otherwise voluntary consent to search. This leaves C. W.’s age and a stern voice, which seems like a very short distance from age alone being the determining factor.
Allowing age alone to be the determining factor would leave law enforcement with no lawful means of conducting this sort of search on young drivers, and I do not believe that the Fourth Amendment requires such a rule. I do not believe that the Presiding Judge explicitly suggests that standard. But, I fear his opinion could be read to support that conclusion. Accordingly, I concur specially.